## Davis v. The Firemen's Pension Fund of Philadelphia et al.

*Edmonds, Obermayer & Rebmann,* for plaintiff.

*James Francis Ryan,* for defendants.

LAMBERTON, J., July 29, 1938.—Plaintiff filed his bill of complaint and a rule was granted on defendant to show cause why a preliminary injunction should not issue. Before hearing on this rule defendants filed a responsive answer. On the date appointed for hearing, counsel

agreed that it should be considered a final hearing. On examination of the record, we find that this is a proceeding in Court of Common Pleas No. 2, while the summer court before which this matter was heard is presided over by a judge of Court of Common Pleas No. 5. We do not think that final hearings are, as a general rule, matters which should be brought before the summer court. If this were an action in Court of Common Pleas No. 5, for the convenience of counsel, we would gladly waive this objection and file a final adjudication. However, a final adjudication by a judge of Court of Common Pleas No. 5 over a matter arising in Court of Common Pleas No. 2 might raise serious complications. For example, if exceptions should be filed, the question would arise as to where argument thereon should be heard. It certainly could not be heard in Court of Common Pleas No. 5, because the matter arises in Court of Common Pleas No. 2. It could not conveniently be heard in Court of Common Pleas No. 2, because the adjudicating judge would not be sitting in that court.

For the foregoing reasons, we have concluded to decide this matter only on the rule for a preliminary injunction and to leave the final hearing to be held in Court of Common Pleas No. 2.

### Decree

And now, to wit, July 29, 1938, it is ordered, adjudged, and decreed that defendants, the Firemen's Pension Fund of Philadelphia, Charles A. Gill, John C. Cost, Nicholas Knowles, and Charles Catafesta, be and they hereby are restrained and enjoined from submitting to the members of defendant corporation amendments to its bylaws at any times other than at the annual meeting of said corporation in December, unless and until article XIII of said bylaws be properly amended at such meeting in December so as to permit further amendment of the bylaws at other times, or until further order of the court.

This injunction shall become effective upon the filing of an injunction bond by plaintiff in the sum of $500.